

13 CV 7143

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
JERRY LITWIN,                          )
individually and on behalf of          )
all others similarly situated,         )
                                       )
                Plaintiff,             )    No.
                                       )
         - against -                   )    CLASS ACTION
                                       )
BARNEY'S, INC.                         )    JURY DEMANDED
                                       )
                Defendant.             )
------------------------------------------------x

## COMPLAINT

1. This action seeks redress for the illegal practices of Defendant Barney's, Inc. (the "Bank"), for providing to customers of its Barney's store credit card accounts ("Barney's Card") disclosure statements that violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.

2. As alleged in greater detail below, the Bank failed to furnish accurate disclosures in the manner mandated by TILA provisions and by the corresponding federal regulations governing periodic billing statements furnished in connection with credit card accounts. More specifically, the Bank failed to furnish disclosures, in compliance with guidelines provided by federal regulations, on periodic statements sent to customers, including but not limited to those regarding the customer's billing rights and the creditor's responsibilities.

1

3. TILA's purpose is to assure meaningful disclosure of credit terms in order to (i) allow consumers to compare more readily the various credit terms available; (ii) enable consumers to avoid the uninformed use of credit; and (iii) protect consumers against inaccurate and unfair billing practices. 15 U.S.C. § 1601(a). The Bank's conduct violates the express provisions of the TILA and the applicable Regulations.

4. Under the private enforcement provisions of TILA, plaintiff and the proposed class seek the recovery of statutory damages of up to $1,000,000 with respect to each of the Bank's failures to comply.

## *Jurisdiction and Venue*

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under TILA, 15 U.S.C. § 1601 *et seq.*

6. Venue is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because the Bank transacts business in this district and the interests of justice require maintenance of this action in this district.

## *Parties*

7. Plaintiff Jerry Litwin resides in New York, New York, which is within this district.

8. Litwin is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Bank's offer and extension of credit to Litwin, a credit card holder, for personal, family or household purposes.

9. Upon information and belief, the Bank is a corporation doing business in the State of New York and throughout the United States, with its principal operations in New York, New York.

10. The Bank is a "creditor," as that term is defined by § 1602(f) of TILA and Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17) and 12 C.F.R. §1026.2(a)(17), because at all relevant times, the Bank, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than four installments.

*Factual Allegations*

11. Litwin is the holder of a Barney's Card account, an open-end (not home-secured) credit account, issued by the Bank and generally intended for the purchase of goods or services at Barney's stores and on the Barney's web site.

12. The Bank furnished Litwin a billing statement containing a billing rights disclosure on or about October 6, 2012. Exhibit A.

13. All class members herein, as defined below, were furnished a Barney's Card billing statement with a billing rights disclosure substantially similar to the one that appears in the attached Exhibit A.

*Class Allegations*

14.     Litwin brings this action individually and on behalf of all persons similarly situated.

15.     The proposed class (the "Class") consists of all persons who, according to the Bank's records were furnished, on or after October 6, 2012, a periodic statement with disclosures on the backer of the statement containing substantially the same text as that on page 2 of the attached <u>Exhibit A</u> in the Billing Rights Summary" and/or the "Special Rule for Credit Card Purchases" or (ii) a periodic statement with repayment disclosures on the front of the statement that omitted a required disclosure regarding credit counseling services.

16.     Specifically excluded from this class are the Bank, any entity in which the Bank has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

17.     The members of the class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable. In light of the tens of thousands of credit cards issued by the Bank every year, the number of class members is believed to be in excess of 1,000 persons.

18.     Litwin's claims are typical of, if not identical to, all members of the class and Litwin does not have any interest that is adverse or antagonistic to the interests of the class. If the conduct of the Bank violates TILA as applied to Litwin, then it violates TILA with respect to the Class.

19. Litwin will fairly and adequately protect the interests of the Class as he is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

20. The Class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Defendant's actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to the class as a whole.

21. The class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered. Members of the Class do not have a particular interest in individually controlling the prosecution of separate actions.

22. There are questions of law and fact which are common to the members of the Class and which predominate over questions affecting only individual members. Common questions of law and fact include, but are not limited to, whether the Bank has a standardized procedure by which it fails to make a disclosure of a credit customer's billing rights in a way that is compliant with TILA and Regulation Z.

23. Upon information and belief, the Class consists of thousands of customers.

24. Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a) Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

b) The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

25. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the TILA violations committed by Defendant.

26. Plaintiff anticipates that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in Defendant's possession.

## COUNT I

### *Violations of the Truth in Lending Act*

27. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

28. Congress authorized the Federal Reserve Board ("FRB" or "Board") to promulgate regulations granting it broad authority to effectuate the purposes of TILA; that authority is now delegated to the Bureau of Consumer Financial Protection ("Bureau"). 15 U.S.C. § 1604(a)(2008); 15 U.S.C. § 1604(a).

29. The set of regulations that the FRB promulgated to implement TILA is known as Regulation Z, 12 C.F.R. §226.1 *et seq.*

30. To reflect its assumption of TILA rulemaking authority as of July 21, 2011, the Bureau issued an interim final rule republishing Regulation Z with only minor changes that did not impose any new substantive obligations on creditors. 76 FR 79768 (Dec. 22, 2011); 12 C.F.R. §1026.1 *et seq.*

31. Regulation Z generally requires the credit issuer to provide a periodic billing statement to a customer with a transaction or an existing balance on his account. 12 C.F.R. § 226.7, 12 C.F.R. § 1026.7.

32. Regulation Z, implementing 15 U.S.C. § 1637(a)(7), generally requires the credit issuer to furnish a billing rights notice ("BRN") to the customer (i) annually, with a long-form notice or (ii) with the periodic billing statement, in an

7

alternative short-form notice using language substantially similar to that provided by model forms. 12 C.F.R. § 226.9(a), 12 C.F.R. § 1026.9(a).

33.     The Bank, which elected to furnish the BRN to Litwin on the reverse side of his periodic billing statements, furnished him a periodic statement on or about October 6, 2013 reflecting a new balance of $39.00 on his account as of the billing cycle ending October 5, 2012. Exhibit A.

34.     In accordance with the authority that Congress granted the Board and the Bureau in 15 U.S.C. § 1637(a)(7), Regulation Z provides issuers a model form of the alternative BRN ("Model BRN"), reproduced as Exhibit B, which they may adopt in whole or by using substantially similar language, to advise customers, in advance, of various aspects of the charge-dispute procedure and thereby comply with the billing rights disclosure requirement for non-home-equity credit accounts. 12 C.F.R. Part 226 Supp. I, Appendix G-4(A); 12 C.F.R. Part 1026 Supp. I, Appendix G-4(A); 12 C.F.R. Part 1026 Supp I, Official Interpretations to Appendices G and H.

35.     Even before a charge dispute might arise, the Regulation requires credit issuers to advise customers as follows:

> The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.

The Bank's disclosure omitted this.

36.     Further, even before a charge dispute might arise, the Regulation requires credit issuers to advise customers that in the event the customer timely

8

and properly asserts a dispute and withholds payment, "We can apply any unpaid amount against your credit limit." The Bank's disclosure omitted this advisory.

37. Additionally, even before a charge dispute might arise, the Regulation requires credit issuers to advise customers that to properly assert a dispute, "You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question." Barney's disclosure that "You can telephone us, but doing so will not preserve your rights" was not a substantially similar disclosure.

38. Further, the Model BRN includes a section with the heading "Your Rights If You Are Dissatisfied With Your Credit Card Purchases" that begins with this disclosure to the customer: "If you are dissatisfied with the goods and services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase." The Bank's BRN includes that initial sentence but omits, in violation of Regulation Z and TILA, the required disclosures contained in the Model BRN that address the limitations of this right not to pay the remaining amount on unsatisfactory purchases, including (i) purchase location, (ii) purchase amount, (iii) method of payment, and (iv) whether the purchase has been paid in full, as well as the exceptions to limitations (i) and (ii). Exhibits A, B.

39. The Bank also omitted, in violation of Regulation Z and TILA, any requirements of the customer exercising his right with regard to unsatisfactory

9

purchases and of the lender's responsibilities when the customer does properly exercise that right, as detailed in the following language from the Model BRN:

> If all of the criteria above are met and you are still dissatisfied with the purchase, contact us *in writing* [or electronically] at:
> [Creditor Name]
> [Creditor Address]
> [[Creditor Web address]]
> While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

40.  The Bank also omitted, in violation of TILA and Regulation Z, information regarding credit counseling services that is required to be disclosed in proximity to the repayment schedule it furnished Litwin. 15 U.S.C. § 1637(b)(11)(B)(iv); 12 C.F.R. § 1026.7(b)(12)(iv).

41.  The Bank also disclosed, in violation of TILA and Regulation Z, incorrect information regarding how the consumer might avoid interest charges, stating that payments received after 2 p.m. would be credited the following day, when by law payments in full received by 5 p.m. on the due date must be credited on the day received and be treated as falling within the grace period for the imposition of interest charges. 15 U.S.C. § 1666c(a); 12 C.F.R. §§ 226.10(a), 226.10(b)(2)(ii).

42.  The Bank furnished Litwin the periodic billing statement with standardized disclosures bearing the code "0002145" and, upon information and belief, it furnished to other credit customers similarly-coded and differently-coded

periodic billing statements with similarly noncompliant disclosures during the relevant period; thus, the insufficient BRN and credit counseling disclosures the Bank made to Litwin were also made to similarly situated members of the class.

43. With respect to each of the Bank's violations of TILA for non-complying disclosures, as alleged above, Plaintiff and the Class are entitled to recover up to $1,000,000 in statutory damages, together with costs and reasonable attorney fees. 15 U.S.C. § 1640(a)(2).

**WHEREFORE**, Plaintiff Jerry Litwin prays on his behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1) An order certifying the proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2) A declaration that the Bank's systematic and standard policy of failing to furnish conforming billing rights notices, credit counseling notices and grace period notices in periodic billing statements violates the Truth in Lending Act;

(3) An injunction permanently prohibiting the Bank from engaging in the conduct described;

(4) Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5) Attorney fees, litigation expenses, and costs; and

(6) Such other and further relief as to this Court may seem just and proper.

*Jury Demand*

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
October 7, 2013

Respectfully Submitted,

By: _____
Brian L. Bromberg
One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Avenue
New York, NY 10025
(212) 678-6546

# Exhibit A

**BARNEYS NEWYORK**
BARNEYS.COM

☐ Check here if your address has changed and write new address on back of statement.
☐ Would you like another card?

**Account Number**
XXX XXXX ███

Jerry Litwin
838 W End Ave, #3C
New York, NY  10025-5351

| Minimum Payment | Amount Enclosed |
|---|---|
| $ 35.00 | $ |

You may at any time pay the new balance or more than the minimum payment due.

Payment should be received no later than this due date.

| New Balance | Due Date |
|---|---|
| $ 39.00 | $ NOV. 1, 2012 |

Lockbox #9757
P.O. Box 8500
Philadelphia, PA 19178-8500

**SHOP OCT 18-21**

**PURPLE CARD**
FOR EVERY $250 SPENT, RECEIVE A $25 GIFT CARD. THE MORE YOU SPEND, THE MORE YOU GET.

To ensure proper credit mail this portion with your payment to the address above.

| Date | Store | Ref. No. | Description | Purchases & Other Debits | Payments & Credits |
|---|---|---|---|---|---|

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00.
**Minimum Payment Warning:** If you make only the minimum payment each period, you may pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay | You will payoff the balance shown on this statement in about | And you will end up paying an estimated total of |
|---|---|---|
| Only the minimum payment | 2 months | $39.58 |

**2011 Totals Year-to-Date**

| Year-to-date Finance charges: | $0.00 |
|---|---|
| Total Fees: | $0.00 |

| 09/24 | 00322 | 0044856 | Casual Mult ATM | 39.00 | |
|---|---|---|---|---|---|

Purchases and returns made just prior to billing date may not appear until next month's statement.

| My Barneys Bag Earned to Date (see reverse side for details) | Current Level | Spending to Reach Next Level |
|---|---|---|
| 0.00 | | 1,961.00 |

| Account Number | Billing Date | Amount Past Due | Minimum Payment Due |
|---|---|---|---|
| XXX XXXX ███ | OCT. 5, 2012 | 0.00 | 35.00 |

| Previous Balance | + Finance Charge | + Purchases & other Debits | - Payments and other Credits | = New Balance |
|---|---|---|---|---|
| 0.00 | 0.00 | 39.00 | 0.00 | 39.00 |

No additional finance charge if payment of new balance is received within 26 days after Billing Date shown above.

| The Finance Charge is determined by applying a monthly periodic rate of  1.75% | Which is an Annual percentage rate of  21.0% | To that part of the balance subject to Finance Charge up to  0.00 | And a monthly periodic rate of | Which is an Annual Percentage Rate of | to that part of the balance in excess of  0.00 | The balance subject to Finance Charge for this billing (as explained on reverse side) is  0.00 |
|---|---|---|---|---|---|---|

For account service or billing statement information please call the following telephone number:
1-800-926-5393 or send inquiries to: P.O. Box 326, Lyndhurst, New Jersey 07071-0326 or e-mail us at: credit services@barneys.com.
Calling about billing errors does not preserve rights under federal law.

Notice: see reverse side for important information.

BARNEYS.COM

BARNEYS NEWYORK
FOR INSIDER ACCESS: THEWINDOW.BARNEYS.COM

0002145

Please print change of address or telephone number below:

Address _____

City _____  State _____  Zip _____

( ___ ) _____   ( ___ ) _____
Home Phone              Work Phone

**Billing Rights Summary - In Case of Errors or Questions About Your Bill.**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at the address for Billing Inquiries shown on your bill as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In you letter, provide the following information:
- Your name and account number
- The dollar amount of the suspected error
- Describe the error and explain, if you can, why you believe there is an error

If you need more information, describe the item you are unsure about

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect th e amount you question.

**Special Rule for Credit Card Purchases**
If you have a problem with the quality of goods or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services.

**Payments:** You may at any time pay your total indebtedness or any part of it, but you must pay at least the Minimum Payment shown on the front of this statement. Payments made to any location other than the address shown on the return portion of the front of this statement may be subject to a delay of up to 5 days in being credited to your account. Payments received after 2:00 p.m. (Eastern Time) will be credited on the next day.

**Avoiding Additional Finance Charge:** To avoid additional Finance Charge next month, we must receive your payment of the full New Balance within 26 days after the Billing Date shown on the front of this statement.

**Minimum Finance Charge:** For each billing period in which a Finance Charge resulting from the application of the monthly periodic rate would be less than .50, we will impose a minimum FINANCE CHARGE of .50, except there is no minimum FINANCE CHARGE in AR, DC, HI, MD, NE and NC.

**Balance Method for Computing Finance Charge:** We figure the Finance Charge on you Account by applying the monthly periodic rate shown on the front of this statement to the Average Daily Balance of your Account (including current transactions, except in MN and NM). To get the average Daily Balance we take the beginning balance of your Account each day, add any new purchases (except in MN and NM we do not add any new purchase made in the current billing period) and subtract any payments and credits, and any unpaid Finance Charge. This gives us the daily balance. Then, we add up all the daily balances for the billing period and divide the total by the number of days in the billing period. This gives us the Average Daily Balance.

**Returned Check Fee:** If any check sent to us in payment on your Account is returned to us unpaid by your bank, we may charge you a Returned Check Fee of $25.00, except the Returned Check Fee is $20.00 in CT, HI, ID, IN, IA, NJ, TN, and UT; and $15.00 in CA, MD, MO, DE, MA. NE, NM and TX. This charge is not imposed in PA, VT and WY. You agree that we may add any Returned Check Fee to the balance due on your Account. Notwithstanding the foregoing, no Returned Check Fee will be charged in excess of the amount permitted by law.

**Late Payment Fee:** If we fail to receive your payment of the minimum monthly payment within 10 days after the due date shown on your statements(15 days in CA, ME, and MA; 21 days in TX; 30 days in NC; 40 days in RI), we may impose a Late Payment Fee. The Late Payment Fee is $25.00 in all states except as follows: In IN, $16.50. The amount of the late payment fee is subject to change as provided in Ind. Code §24-4.5-1-106; in CA, CO, DC, IA and LA, $15.00; in GA, $18.00; in RI, $12.00; in FL, NJ and TX, $10.00; in AZ, KS and MO, $5.00 if the minimum payment is $25.00 or less, otherwise $10.00; in NC, $5.00 if outstanding balance is under $100.00, otherwise $10.00; in WA, 10% of the average daily balance for prior 30-day period, when such balance is less than $100.00; inWV, lesser of 5% of amount past due or $15.00; in MA lesser of 10% of outstanding balance or $10.00; in ME, lesser of 5% of amount past due or $10.00; in IL, KY and WV, greater of 5% of amount past due or $10.00; in ID, greater of 5% of amount past due or $15.00; in NE, greater of 5% of amount past due or $5.00; in UT, greater of 5% of amount past due or $25.00; in AL, greater of 5% of amount past due or $10.00 but not more than $25.00; in OK, 5% of amount past due but not more than $19.00 and not less than $5.00; in SC, 5% of amount past due but not more than%14.50 and not less than $5.80. The amount of the late payment fee is subject to change as provided in S.C. Code § 37-1-109. No Late Charge will be imposed in DE, MT, NM, TN and VT. You agree that we may add any Late Payment Fee to the balance due on your Account. Notwithstanding the foregoing, no Late Payment Fee will be charged in excess of the maximum amount permitted by law, which is currently $25.00/

**Disputed Amounts:** All written communications concerning disputed amounts, including any check or other payment instrument in an amount less than the full amount due that you send to us marked paid in full, you tender with other conditions or limitations, or you otherwise tender as full satisfaction of a disputed amount, must be sent to us at the address for Billing Inquiries shown on this billing statement.

**Credit Balances:** If there is a credit balance in your Account it will be shown by a minus sign (-) next to the amount appearing in the New Balance box on the front of this statement. This is money we owe you. You can make charges against this amount or obtain a cash refund of the full amount we owe you upon request by writing to us at: Barneys New York, Refund Department, P.O. Box 326, Lyndhurst, NJ 07071-0326. Any amount remaining in your Account that is not charged against or refunded upon request, that is over $1.00, will be refunded automatically within 30 days after the expiration of six months. Please include your signature and your Account number on all correspondence.

**Billing Inquiries:** Send billing inquiries to: Barneys New York, P.O. Box 326, Lyndhurst, NJ 07071-0326. You may telephone us at the phone numbers shown on the front of this statement, but doing so will not preserve our billing inquiry rights under federal law. Payment of any amount you dispute is not required until we resolve your billing inquiry.

**Past Due Amounts:** If your Account is past due, we have included a message about that on the front of this statement. We are required by certain state laws to tell you that: (a) this is an attempt to collect a debt and any information obtained will be used for that purpose; (b) under Iowa law we are a debt collector, (c) a negative credit report reflecting on your credit record may be submitted to a consumer reporting agency if you fail to fulfill the terms of your credit obligations.

**Disputes About Credit Information We Reported:** If you believe we reported inaccurate information about you to a consumer reporting agency, write us at Barneys New York, P.O. Box 326, Lyndhurst, NJ 07071-0326, identify the information, and tell us why you believe it is incorrect or incomplete. If you have a copy of the credit report that includes the disputed information, please send a copy of that report to us as well.

| Here's How It Works: | LEVEL | EARN THIS | | GET THIS | |
|---|---|---|---|---|---|
| My Barneys Bag is based on each dollar | 1 | 2,000 - 4,999 | 1.0% of Spending | $20 - $50 |
| charged on your Barneys New York | 2 | 5,000 - 9,999 | 2.0% " | $100 - $200 |
| credit card within a calendar year. | 3 | 10,000 - 24,999 | 3.0% " | $300 - $750 |
| The more you spend, the more you earn | 4 | 25,000 - 49,999 | 4.0% " | $1,000 - $2,000 |
| | 5 | 50,000 + | 5.0% " | $2,500 + |

# Exhibit B

**79838**    Federal Register / Vol. 76, No. 246 / Thursday, December 22, 2011 / Rules and Regulations

To use this right, all of the following must be true:

1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (**Note:** Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)

2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.

3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us *in writing* [or electronically] at:
   [Creditor Name]
   [Creditor Address]
   [[Creditor Web or email address]]

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay, we may report you as delinquent.

### G–4—Alternative Billing-Error Rights Model Form (Home-Equity Plans)

BILLING RIGHTS SUMMARY

*In Case of Errors or Questions About Your Bill*

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us [on a separate sheet] at [address] [the address shown on your bill] as soon as possible. [You may also contact us on the Web: [Creditor Web or email address].] We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

*Special Rule for Credit Card Purchases*

If you have a problem with the quality of goods or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. (If we own or operate the merchant, or if we mailed you the advertisement for the property or services, all purchases are covered regardless of amount or location of purchase.)

### G–4(A)—Alternative Billing-Error Rights Model Form (Plans Other Than Home-Equity Plans)

*What To Do If You Think You Find A Mistake On Your Statement*

If you think there is an error on your statement, write to us at:
   [Creditor Name]
   [Creditor Address]
   [You may also contact us on the Web: [Creditor Web or email address]]

In your letter, give us the following information:
- *Account information:* Your name and account number.
- *Dollar amount:* The dollar amount of the suspected error.
- *Description of Problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors *in writing* [or electronically]. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

*Your Rights If You Are Dissatisfied With Your Credit Card Purchases*

If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.

To use this right, all of the following must be true:

1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (**Note:** Neither of these is necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)

2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.

3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us *in writing* [or electronically] at:
   [Creditor Name]
   [Creditor Address]
   [[Creditor Web address]]

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

**BILLING CODE 4810–AM–P**